**James BRYANT, Petitioner-Appellant,**

v.

**Marion J. ELLIOTT, Warden of Atmore State Prison, Respondent-Appellee.**

No. 72–2458

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1973.

James Bryant, pro se.

William J. Baxley, Atty. Gen., Don Dickert, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM.

Appellant Bryant seeks reversal of the district court's dismissal of his habeas corpus petition. We affirm.

In his habeas corpus petition the appellant, an Alabama state prisoner currently serving a fifteen-year sentence for second degree murder, contends that his conviction is invalid on grounds that: 1) he "did not possess an understanding of law in relation to the facts, prior to entering his plea of guilty," 2) the (state) Circuit Judge who accepted his plea of guilty failed to comply with the "Rule" relating to the procedure for accepting a guilty plea in that the Circuit Judge did not personally address him as to his understanding of the nature of the charge; 3) the Circuit Judge did not personally address him as to his

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

understanding of the essential elements of the charge to which he was pleading guilty; 4) the Circuit Court accepted his plea of guilty without first addressing him personally and determining that the plea was made voluntarily and with an understanding of the nature of the charge; 5) the court entered judgment without first determining that there was a factual basis for the plea; 6) the Circuit Court accepted his plea without fully adhering to Rule 11, F.R.Cr.P.; 7) the court accepted his plea without first determining his plea was an intentional relinquishment or abandonment of a known right or privilege; and 8) the trial judge failed to determine that the conduct which the petitioner admitted constituted the defense charged in the indictment or an offense included therein to which the defendant had pled guilty.[1]

The district court dismissed the appellant's petition, on authority of Dominguez v. Henderson, 5th Cir. 1971, 447 F.2d 207, which held that Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274,[2] is not to be applied retroactively; and since the appellant's guilty plea was entered on April 15, 1969, more than a month and a half prior to the Supreme Court's decision in *Boykin*, he would not be entitled to relief on the basis of that case.

The district court did not make an explicit finding with regard to the appellant's first allegation, that he "did not possess an understanding of law in relation to the facts, prior to entering his plea of guilty," but implicitly found that allegation to be without merit, and justifiably so.

Although the validity of pre-*Boykin* guilty pleas need not be disclosed on the face of the record of the proceedings wherein the plea was tendered, they must still be validly entered. Hendry v. Henderson, 5th Cir. 1971, 447 F.2d 983. *Boykin* merely shifts the burden of proof which must be met to show the invalidity of a guilty plea. When a habeas petitioner presents specific factual allegations supporting his claim of an illegal pre-*Boykin* plea, unrefuted by state court records, a federal evidentiary hearing is required. However, when a petitioner simply contends that his pre-*Boykin* plea was not understandingly entered, and offers no allegations to support that conclusion, as in the case sub judice, the claim is insufficient to necessitate federal habeas consideration. Weaver v. Texas, 5th Cir. 1971, 441 F.2d 388.

We therefore deem it unnecessary to remand this cause to the district court since the appellant has presented us with no basis for disturbing its order dismissing the habeas corpus petition.

Accordingly, the judgment appealed from is affirmed.

---

[1]. The appellant also raises new allegations of inadmissible confession and failure to provide a coroner's inquest to determine the cause of death of the victim in his brief to this Court. These new allegations are not properly before the Court since the court below did not have an opportunity to rule on them.

[2]. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, requires that the record of the plea proceedings affirmatively disclose that the petitioner voluntarily and understandingly entered his plea of guilty. *Boykin* requires that the record disclose a waiver of the privilege against compulsory self-incrimination, of the right to a trial by jury and of the right to confront one's accusers.