**Dezso John LOKOS,
Petitioner-Appellant,**

v.

**Walter CAPPS, Warden,
Respondent-Appellee.**

**No. 75–3114
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 12, 1976.

---

\* Rule 18, 5th Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 5 Cir. 1970, 431 F.2d 409, Part I.

577

Robert D. Segall, Richard H. Gill, Montgomery, Ala., for petitioner-appellant.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

After three trips to the Alabama Supreme Court and one journey to the United States Supreme Court, the 1964 murder conviction of Dezso John Lokos reaches this court on appeal from the denial of federal habeas corpus relief. The federal petition was initially filed in the Middle District of Alabama, and summary judgment was granted there on the issues of the denial of petitioner's motion for a change of venue and his motion for a psychiatric examination before trial. The case was then transfer-

red to the Southern District of Alabama. After an evidentiary hearing there, the district judge rejected Lokos' claim that his conviction was tainted by the admission of involuntary statements and dismissed the petition.

■ However, the process of transferring the case to the Southern District obscured the fact that no decision was ever made on petitioner's claims that the testimony of the wife of the deceased was admitted in violation of his right to confrontation, that his trial in jail clothing and chains deprived him of due process, and that the joint representation of four co-felons deprived him of effective assistance of counsel. Accordingly, the judgment dismissing the petition must be vacated and remanded for consideration of these pending claims.

■ With respect to the psychiatric examination issue, the district judge apparently felt that the petition merely raised the question of whether the trial judge properly exercised his discretion under Alabama law to refuse to convene a commission on lunacy under Code of Alabama, Title 15, § 425. The court thus distinguished a claim of a right to a determination at trial of competency to stand trial, based on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Although Lokos' petition is inartfully drafted, we believe that it fairly raises the Pate issue. And it is clear that the issue may be raised even though the only defense at trial is insanity at the time of the offense.[1] In addition to the procedural right based on Pate, the petition raises the substantive issue of Lokos' competence at the earlier trial. Since the district court decided neither of these issues, we vacate the ruling on the psychiatric examination issue and remand for consideration in light of the standards in Nathaniel v. Estelle, 493 F.2d 794 (5th Cir. 1974), and Bruce v. Estelle, 483 F.2d 1031 (5th Cir. 1973).[2]

---

1. E. g., Jackson v. Caldwell, 461 F.2d 682 (5th Cir. 1972), cert. denied, 409 U.S. 991, 93 S.Ct. 334, 34 L.Ed.2d 257 (1973).

2. On appeal, petitioner argues for the first time that the refusal to provide him with psychiatric assistance at trial deprived him of the

With respect to all of the issues which we remand, we of course express no opinion on either the merits or on whether state remedies have been exhausted.

 Finally, we affirm the district court's conclusion that petitioner failed to meet his burden of proof[3] with respect to his claim that his confessions were involuntary because they were obtained by physical abuse and at a time when he was suffering from active psychosis. The great weight of the evidence supports the district court's conclusion on the physical abuse allegation, and petitioner presented no testimony by either psychiatrist or layman which indicated that his previous mental problems were active at the time of the confessions.[4] The conclusion on the change of venue issue, which is not challenged on appeal, is likewise affirmed.

Affirmed in part; vacated and remanded in part for further proceedings consistent herewith.

effective assistance of his appointed counsel. Since the court below did not have an opportunity to rule on this claim, it is not properly before this court. *E. g., Bryant v. Elliott*, 472 F.2d 572 (5th Cir. 1973). If this issue is presented to the district court on remand, it is of course free to consider it.

3. A habeas corpus petitioner has the burden of proof to establish sufficient facts to warrant a finding of denial of constitutional rights. *E. g., Burston v. Caldwell*, 506 F.2d 24 (5th Cir.), *cert. denied*, 421 U.S. 990, 95 S.Ct. 1995, 44 L.Ed.2d 480 (1975).

4. Further proceedings in this case may develop additional evidence indicating that Lokos was insane at the time of the crime or incompetent to stand trial. Such evidence would obviously be pertinent to the voluntariness of the confession. *See Blackburn v. Alabama*, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). If such evidence is developed, the district court should entertain a motion pursuant to Fed.R. Civ.P. 60(b)(6) for relief from that portion of the judgment which we here affirm. *Cf. Iverson v. North Dakota*, 480 F.2d 414, 426–28 (8th Cir. 1973).