**Dezso John LOKOS, Petitioner-Appellant,**

v.

**Walter CAPPS, Warden, Respondent-Appellee.**

**No. 77–1736.**

United States Court of Appeals, Fifth Circuit.

March 24, 1978.

Richard H. Gill, Truman Hobbs, Montgomery, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before COLEMAN and FAY, Circuit Judges, and KING, District Judge.*

PER CURIAM:

This is an appeal from the denial of an application for a writ of habeas corpus which raised a variety of legal issues stemming from the factual question of the petitioner's sanity.

Appellant Dezso John Lokos was convicted of first degree murder in 1964. Following exhaustion of the state appellate remedies, including three hearings before the

---

23.  See note 7 *supra*.

* District Judge for the Southern District of Florida, sitting by designation.

Alabama Supreme Court and one before the U.S. Supreme Court, he filed a petition for federal habeas corpus relief in the Middle District of Alabama. After partial disposition in that district (including petitioner's motion for change of venue), the remainder of the case was transferred to the Southern District of Alabama, where the petition was dismissed. On appeal, an opinion was entered remanding the case to the Middle District of Alabama for consideration of certain claims obscured by the transfer and consequently unconsidered. *Lokos v. Capps,* 528 F.2d 576 (5th Cir. 1976) (Gee, J.). The appeal sub judice seeks this court's review of the resulting redenial of habeas corpus relief.

At the time of his arraignment before the Alabama court, the appellant pleaded not guilty by reason of insanity. His court-appointed attorney moved to have Lokos examined by a panel of psychiatric experts as provided by Ala.Code Title 15, §§ 425–6 (1940) (recompiled 1958), in order to determine his competency to stand trial and/or at the time of the commission of the crime. The trial court held a hearing to determine whether there were reasonable grounds to doubt the accused's sanity, concluded that there were not, and refused to appoint a psychiatrist to examine Lokos. Being indigent, appellant was consequently unable to produce expert psychiatric testimony at trial in support of his defense of insanity. Appellant argues that his conviction should be set aside, among other grounds, because the denial of a psychiatric examination deprived him of due process under the Fourteenth Amendment.

Upon Lokos' previous appeal to this court, it was concluded that the habeas petition, though "inartfully drafted," properly raised the issue of petitioner's procedural "right to determination at trial of competency to stand trial, based upon *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)." *Lokos, supra,* at 577. The Supreme Court in *Pate* considered the issue of whether a defendant was deprived of due process of law under the Fourteenth Amendment by the trial court's rejection of his incompetence argument and resultant refusal to hold a competency hearing. The Court held that evidence introduced below on the defendant's behalf entitled him to a hearing on the issue of competence. Citing *Bishop v. United States,* 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed.2d 835 (1956), for the proposition that conviction of an accused while he is legally incompetent violates due process, the Court concluded that the defendant's right to a competency hearing was constitutionally protected and that deprivation of that right resulted in denying the defendant a fair trial. As this court correctly concluded in its previous opinion, the case presently at issue raises the same question.

Upon remand, the Middle District of Alabama considered six issues, but not the claim of procedural due process deprivation under *Pate* as required by this court's previous order. We therefore remand to said district court with instructions to hold a hearing to determine whether, based on the record of the trial court, there were reasonable grounds presented in 1963 to entitle the appellant to a full sanity hearing. The standard of review is that delineated in *Pate,* which has been described by this court as follows: whether the record reveals "evidence at trial raising a bona fide doubt of competence." *Nathaniel v. Estelle,* 493 F.2d 794, 797 (5th Cir. 1974). Indeed, this standard is properly reflected in the Alabama statute, which requires "reasonable grounds to *doubt* [the accused's] sanity." *Brinks v. Alabama,* 465 F.2d 446, 449 (5th Cir. 1972) (emphasis and brackets in original). If such a doubt was raised, the district court must determine whether the petitioner was afforded a constitutionally adequate competency hearing by the Alabama trial court, or whether the trial judge's failure to provide a psychiatric examination pursuant to Alabama Code, Title 15, §§ 425–6, violated the clear constitutional mandate of due process of law. Although the state court record has been made a part of the record in this case, it is noted that the preferred practice is to have such an evidentiary hearing held by the appropriate district court.

This disposition makes it unnecessary to reach the other issues on appeal.

Remanded.