Tules V. ZAPATA, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–4348.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1978.

Panel Opinion After Remand Feb. 2, 1979.
See 588 F.2d 1017.

[they have] made a charge * * * under this subchapter.

Phyllis Coci, Huntsville, Tex., Richard L. Griffin, Houston, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.

PER CURIAM:

We write briefly en banc to resolve an arguable conflict of authority in this circuit on an issue material to this case. This narrow issue is whether, once a habeas petitioner has raised a substantial, threshold doubt about his competency at the time of his trial by clear and convincing evidence, he must at the ensuing hearing prove the fact of that incompetency as well by the standard of clear and convincing evidence or merely by a preponderance?

Our 1973 opinion in *Bruce v. Estelle*, 483 F.2d 1031 (*Bruce I*), may be read as declaring for the heavier burden, as may two more recent authorities citing and relying upon it. *Lokos v. Capps*, 528 F.2d 576 (5th Cir. 1976); *Nathaniel v. Estelle*, 493 F.2d 794 (5th Cir. 1974). Our most recent opinion on the subject, however, takes a different view.

There we said:

" . . . Where the asserted ground for relief is incompetency at trial, the habeas court will require a certain quantum of evidence before it even entertains the claim. As we stated in Bruce's second appeal:

We consider it appropriate to add a caveat with respect to cases of this type. Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial. While the factual pattern will vary from case to case, the instant case illustrates the standard which should be met to sustain such a claim, *viz.* a history of mental illness, substantial evidence of mental incompetence at or near the time of trial supported by the opinions of qualified physicians and the testimony of laymen. The burden is on the petitioner to prove his allegations; such proof should be clear and convincing."

483 F.2d at 1043.

"Bruce argues that the above quotation should be interpreted as holding that he has already discharged his clear and convincing burden and that the burden now shifts to the state to prove his competency. On remand, the same language was relied upon by the district court as authority for ruling that the petitioner had still to prove his incompetency claim by clear and convincing evidence. We disagree with both these constructions, because we read the prior panel's caveat as referring only to the petitioner's threshold burden of proof which must be satisfied before the habeas court has a duty to investigate the constitutional challenge further. Once petitioner has come forward with enough probative evidence to raise a substantial doubt as to competen-

cy, however, his task is not complete. He must then go further and prove the fact of incompetency, at least by a preponderance of the evidence."

*Bruce v. Estelle*, 536 F.2d 1051, 1058–59 (5th Cir. 1976).

On careful consideration, we have determined that the latter rule is the true one and that, a hearing having been ordered, proof of the fact of incompetency by the standard of a simple preponderance should suffice at that hearing as in other habeas matters. No sufficient reason occurs to us why the issue of competence at trial should be singled out for special treatment, once a substantial doubt requiring a hearing has been raised by clear and convincing evidence. To the extent only that *Bruce I, Nathaniel* and *Lokos, supra,* conflict with this rule—if they do—they are overruled.

We remand the remaining issues in the case to the panel for resolution with directions that should it remand for a hearing, that hearing be conducted in accord with the above.[1]

REMANDED.

---

1. Petitioner did not raise before the panel on this appeal the distinct issue of whether a *Pate* violation occurred at the state trial, as distinguished from the substantive issue of her competence-in-fact there. See *Nathaniel v. Estelle,* 493 F.2d 794 (5th Cir. 1974). We therefore have no occasion to and do not consider that question or the effect of a determination, should one be made as a result of any order of the panel directing a hearing, that an adequate hearing on the matter of defendant's competency at trial cannot now be held.