THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VICTOR BURT, Defendant-Appellant.

Second District   No. 2—85—0321

Opinion filed April 22, 1986.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's
Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (William L. Browers and
Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of
counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:
Defendant, Victor Burt, was charged by indictment with three
counts of criminal sexual assault (Ill. Rev. Stat., 1984 Supp., ch. 38,
par. 12—13(a)(2)), but was found unfit to stand trial. Defendant moved
for a discharge hearing pursuant to section 104—25 of the Code of
Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 104—
25.) At that hearing, defendant was found guilty beyond a reasonable
doubt and was remanded to the custody of the Department of Mental
Health and Developmental Disabilities for treatment. Defendant ap-

peals from the court's finding, contending that the evidence was insufficient to prove him guilty beyond a reasonable doubt because (1) the State did not establish that defendant knew the child complainants were unable to understand the nature of the sex act or to give effective consent; and (2) the uncorroborated testimony of the 7-year-old child complainant was neither clear nor convincing as to the conduct alleged in counts II and III in the indictment.

Defendant was charged with three counts of criminal sexual assault in that on August 9, 1984, he knowingly committed two acts of sexual penetration with a 7-year-old girl, when he placed his penis in both her vagina and in her anus, and one act of sexual penetration with an 8-year-old girl, when defendant placed his penis in her anus. At an October 24, 1984, hearing the court found that a *bona fide* doubt existed as to defendant's fitness to stand trial and ordered that an examination as to his fitness be conducted by the Kane County Diagnostic Center. As a result of the examination, the court found the defendant unfit to stand trial and also found that it was unlikely that he would attain fitness within one year. Defendant then moved that the charges be dismissed against him or, alternatively, that a discharge hearing be held pursuant to section 104—25 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 104—25.) The court proceeded immediately with the discharge hearing.

At the discharge hearing the 7-year-old child complainant, L.H., testified that one morning in August she and her friend, Pookee, were playing in the basement of defendant's house when the defendant came downstairs into the basement. L.H. related that defendant asked Pookee and her to pull down their pants and their underwear and that the girls complied. L.H. stated that the defendant "did it to us." He "stuck his thing into us" in the "front and back" places on their bodies. L.H. recalled that it hurt and that she was crying while defendant was doing it. According to L.H., defendant then did "the same thing" to Pookee who also started crying. L.H. said that she told her mother about the incident.

L.H.'s mother testified that on the evening of the incident, she noticed that L.H. was acting "funny." The witness questioned her daughter. At first L.H. cried, but then she told her mother what defendant had done to her. The witness examined her daughter's vagina, which was swollen, and noted the presence of semen. She did not check the anal area. L.H.'s mother had L.H. take a bath and did not take her to a doctor until the following day when L.H. experienced cramping and vaginal bleeding. The witness also testified that her daughter was not sexually active prior to the incident in question

and that she had never discussed with L.H. the sex act and how it occurs.

Defendant's mother, Betty Burt, who testified for the defense, related that her son had attended Hope DeWall School for slow learners for the past six years. According to Mrs. Burt, her son was working at a second- or third-grade level.

On March 21, 1985, the trial court entered its order, finding that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. Pursuant to section 104—23 (Ill. Rev. Stat. 1983, ch. 38, par. 104—23), the court ordered defendant remanded to the custody of the Department of Mental Health and Developmental Disabilities as an inpatient but without an extended term. The court noted that although it was the opinion of the psychologist who evaluated defendant that it was improbable that defendant could be restored to fitness, a treatment plan for defendant had not been investigated. In the opinion of the court, until such an investigation occurred, the possibility of defendant's restoration to fitness could not be precluded. The court directed that a report, assessing the Department's capacity to provide such treatment, be filed within 30 days. No evidence of this report is present in the record on appeal.

■ Defendant brought this timely appeal pursuant to section 104—25(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 104—25(f)).

Defendant's first contention is that the evidence was insufficient to prove him guilty beyond a reasonable doubt of criminal sexual assault. Section 104—23(a) of the Code of Criminal Procedure of 1963 provides: "Upon a determination that there is not a substantial probability that defendant will attain fitness within one year from the original finding of unfitness, a defendant or the attorney for the defendant may move for a discharge hearing pursuant to the provisions of Section 104—25." (Ill. Rev. Stat. 1981, ch. 38, par. 104—23(a).) At the discharge hearing, the trial judge must determine the sufficiency of the evidence relevant to the question of defendant's guilt of the crime charged. (Ill. Rev. Stat. 1981, ch. 38, par. 104—25.) The standard of proof, guilt beyond a reasonable doubt, is the same as required for a criminal conviction, although a court's determination that the State has met its burden does not constitute a technical determination of guilt. (*People v. Raseaitis* (1984), 126 Ill. App. 3d 600, 603, 467 N.E.2d 1098.) A technical determination of defendant's guilt is deferred until the defendant is fit for trial. (*People v. Rink* (1983), 97 Ill. 2d 533, 543, 455 N.E.2d 64.) In the instant case defendant contends the State failed to meet its burden of proof.

The portion of the criminal sexual assault statute which applies to this case states:

"(a) The accused commits criminal sexual assault if he or she:
***

(2) commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give effective consent ***." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—13(a)(2).)

Defendant maintains that the State failed to establish an essential element of the offense of criminal sexual assault because it did not prove defendant's knowledge of the fact that the child complainants did not understand the nature of the sex act or that the complainants were unable to give effective consent. Defendant claims that because of his mental retardation, he could not have understood the nature of the sex act any more than the two little girls, L.H. and Pookee, and, therefore, he would have been incapable of appreciating their inability to understand the nature of the act or give consent. Consequently, defendant maintains he lacked the requisite "knowing" state of mind.

The State possesses the burden of proving each element of an offense. (*People v. Rolston* (1983), 113 Ill. App. 3d 727, 731, 448 N.E.2d 965.) The mental element of knowledge is ordinarily established by circumstantial evidence. (*People v. Farrokhi* (1980), 91 Ill. App. 3d 421, 427, 414 N.E.2d 921.) Defendant maintains that the prosecution erroneously relied on the mere fact of the defendant's chronological age as circumstantial evidence of his knowledge. At the time of the offense, defendant was 18 years old, but operating at the mental level of a 7- or 8-year-old. To show that he did not possess the requisite mental state to commit criminal sexual assault, defendant quotes from portions of psychological evaluations conducted in November and December 1984, by the Kane County Diagnostic Center and the Mercy Center for Health Services to determine defendant's fitness to stand trial. Defendant points out that these evaluations indicate that he is mentally retarded with an overall I.Q. of 59. According to the evaluations, defendant's low I.Q. makes it difficult for him "to grasp the significance of events or situations which occur within his environment" and to be aware "of social situations and associated cause and effect themes." Defendant maintains that these evaluation results demonstrate that he neither knew that performing acts of sexual penetration on 7- and 8-year-old children was not acceptable social behavior nor appreciated the children's inability to understand the nature of the sex act.

Conversely, the State argues that the psychological evaluations re-

lied upon by defendant reveal that defendant knew sex with children was bad "because you might get a kid or something." At first blush, this response to a psychologist's question concerning why sex with children is bad seemingly demonstrates defendant's knowledge of the sex act. Yet, we believe, instead, that defendant's response merely reflects his inability to understand the nature of the act, for if he understood the act, he would know that a child of seven is ordinarily incapable of having a "kid."

We also note that the indictments under which defendant was charged refer only to defendant's knowledge that the two young girls were unable to understand the nature of the sex act; the indictments make no mention of the girls' inability to give effective consent, or of defendant's knowledge of that inability. Although we believe that at the moment defendant began to sexually penetrate the two little girls, causing them both to cry, he knew he was doing something that the girls did not want him to do, we also believe their crying only goes to the question of consent. It does not prove that defendant had knowledge of the fact that the girls were too young to understand the nature of the sex act.

Our review of the circumstantial evidence in this case, in particular, the psychological evaluations of the defendant, and records of other assessments made of defendant in 1983 and 1984 by a psychologist for the Hope DeWall School, lead us to conclude that this defendant, functioning at the mental level of a 7- or 8-year-old, did not possess the requisite mental state to commit the offenses of criminal sexual assault. In view of our decision on this issue, it is not necessary to address defendant's second contention nor his challenge in his reply brief regarding the State's request for costs in the event of an affirmance in this appeal.

■ Finally, this court has ordered the defendant's motion to strike portions of the State's brief to be taken with the case. In his motion defendant contends that portions of the State's brief are based on evidence which the trial court suppressed, in particular, custodial statements which the defendant made to an Aurora police officer. Defendant's position in this matter is correct, as the court suppressed defendant's custodial statements based upon the court's determination that the defendant neither understood the *Miranda* warnings nor his waiver of rights. Facts not properly of record cannot be considered by this court on review (*People v. Haas* (1981), 100 Ill. App. 3d 1143, 1148-49, 427 N.E.2d 853), and, therefore, we grant defendant's motion to strike those portions of the argument in the State's brief pertaining to evidence of defendant's statements to police.

For the reasons stated, we reverse the judgment of the circuit court of Kane County finding the evidence sufficient to prove defendant guilty beyond a reasonable doubt of criminal sexual assault, and remand this cause for entry of a judgment of acquittal and for further proceedings in accordance with the provisions of section 104—25 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 104—25).

Reversed and remanded.

NASH, P.J., and LINDBERG, J., concur.