**Patrick McINERNEY,**
**Petitioner–Appellee,**

v.

**Steve W. PUCKETT,**
**Respondent–Appellant.**

**No. 90–1178.**

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1990.

---

Jeffrey M. Rosamond, Sp. Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondent-appellant.

Joseph Langston, Booneville, Miss. (Court-appointed), for petitioner-appellee.

Patrick McInerney, Parchman, Miss., pro se.

Before WISDOM, GEE, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

This appeal from the district court's grant of habeas relief requires us to determine (1) whether a six year old order for pre-trial psychiatric evaluation, standing alone, required the trial judge to conduct a hearing into the defendant's competence to stand trial, and (2) whether trial counsel's failure to raise timely an insanity defense and his somewhat casual preparations for trial constitute such extreme ineffective assistance of counsel as to render unnecessary the ordinarily-required inquiry into actual resulting prejudice, and to support a presumption of such prejudice.

As to the first contention, absent other indications of current incompetence the stale order did not mandate a competency hearing; as to the second one, such short-comings do not constitute circumstances tantamount to having no counsel at all and hence call for the typical inquiry into both ineffective assistance and actual prejudice. Accordingly, on the first claim we reverse; and on the second, we vacate and remand for findings.

## Background

Pending his trial for a 1976 burglary, Patrick McInerney escaped from a Mississippi jail. Captured shortly thereafter in Illinois, he served a sentence there for other crimes, at the conclusion of which Illinois returned him to Mississippi in 1982. On the day of his delayed burglary trial, the Mississippi trial court denied a continuance to allow for a psychiatric examination of McInerney, such an examination having been ordered by another judge on McInerney's motion in 1976 but never conducted due to his escape. He was convicted; and, after exhausting his state appeals and post-conviction relief, McInerney filed a pro-se habeas petition in district court alleging that the trial court denied him due process by failing to conduct any inquiry into his competence to stand trial and alleging ineffective assistance of counsel.[1] The district court, adopting the magistrate's recommendations, granted the petition and the state appeals.

## Procedural Due Process

Under the *Pate* test, to avoid a procedural due process violation the trial court must inquire into mental capacity sua sponte if the evidence raises a bona fide doubt as to a defendant's competency at the time of trial and any *immediately* related proceedings. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Zapata v. Estelle*, 585 F.2d 750 (5th Cir.1978); *Reese v. Wainwright*, 600 F.2d 1085, 1093 (5th Cir.1979). The district court erroneously concluded that the examination ordered six years earlier by another

1. McInerney's petition contained other claims, but these claims are not before us.

judge on the McInerney's motion raised such a doubt. The defendant may have been incompetent six years earlier—we do not know—but that does not mean he was incompetent at the time he stood trial. The trial judge accepted as credible the representations of McInerney's counsel as to McInerney's competence in 1982. Absent any medical history, irrational behavior, or odd demeanor at trial, the trial judge was entitled to conclude, in light of all that was known to him, that the stale order for evaluation, objectively considered, did not in or of itself raise a reasonable doubt as to McInerney's competence. *See Chenault v. Stynchombe*, 546 F.2d 1191, 1192–93 (5th Cir.1977) (setting out the standard for reviewing habeas petitions that raise *Pate* claims).[2]

### Ineffective Assistance Of Counsel

 McInerney attacks his trial counsel's effectiveness.[3] To be sure, the record discloses that McInerney's counsel failed to file timely notice of an insanity defense and, not expecting to go to trial quite so quickly, was not completely prepared. The district court, accepting the magistrate's recommendation, found the representation by McInerney's counsel ineffective, his performance falling below an objective standard of reasonable professional service and the "errors" being so serious as to indicate that he did not function as the "counsel" guaranteed by the 6th amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The magistrate weighed the credibility of McInerney against that of the attorney and accepted McInerney's synopsis of the facts. The finding is not clearly erroneous, and we will not disturb it.

Nonetheless, the district court, through the magistrate, failed to apply properly the next step of the *Strickland* Court's analy-

sis, presuming rather than inquiring into actual prejudice and the denial of a fair trial. The magistrate turned to *United States v. Cronic*, 466 U.S. 648, 649, 104 S.Ct. 2039, 2041, 80 L.Ed.2d 657 (1984), concluding that counsel's shortcomings fell to a level at which actually or constructively McInerney was denied adequate counsel, and that his attorney entirely failed to subject the prosecution's case to meaningful adversarial testing, rendering the adversary process itself presumptively unreliable. In *Cronic*, the trial court improperly rested on the peculiar circumstances surrounding the trial rather than examining the actual effectiveness of counsel—let alone any actual prejudice. In today's case, given that counsel was actually ineffective as found by the district court and as defined in *Strickland*, we still must ask whether counsel's performance was so entirely deficient that we may presume prejudice.

Although factually inapposite, the *Cronic* decision provides critical guidance. The *Cronic* court observed the Sixth Amendment's necessary focus upon the reliability of the trial process: "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." Careful to note that there is "generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt," the Court listed the complete denial of counsel at a critical stage of the prosecution and the denial of the right to effective cross-examination as two circumstances "so likely to prejudice the accused that the *cost of litigating their effect in a particular case is unjustified* (emphasis added.)" That is, in the great

---

**2.** Since we find no *Pate* violation, we need not consider whether the tools for reaching a rational competency determination at a hearing now exist. *See Martin v. Estelle*, 546 F.2d 177 (5th Cir.1977).

**3.** McInerney bolsters the failure to raise the insanity defense with other shortcomings of his counsel:

—one attorney-client meeting;
—no in depth discussions as to witnesses, defenses, or strategies;
—a single attorney-client conversation pertaining only to seeking a continuance; and
—failure to file the proper pre-trial discovery motions.

body of cases involving these two circumstances a case by case inquiry, if conducted, would reveal actual unreliability of the findings.

The baseline defined, we address whether either of the two grounds underlying the district court's finding of ineffectiveness call for a presumption of prejudice: failure to raise a particular defense—insanity—and lack of preparedness.

First, the raising of such defenses is a matter of trial strategy, and it is undisputed that McInerney's attorney is widely experienced in such matters. By its nature, the insanity defense involves case by case determinations of fact and will often fail even if raised and even where some indications of irrationality exist. McInerney's attorney, particularly concerned with the absence of a psychiatric examination, determined that an insanity defense was not a promising tactic. Even if timely requested, such an examination at trial, years after the crime, may or may not have shown insanity at the time of trial. Even if it did, its possible support for a finding of insanity at the time of the crime is not presumptive. Moreover, the record indicates that McInerney was lucid during the commission of the crime and knew the difference between right and wrong, both of which run counter to a successful insanity defense. *See Byrne v. Butler,* 845 F.2d 501 (5th Cir.1988). Perhaps the above presents a reasonable probability that raising the insanity defense would have altered the outcome in McInerney's case; but, as is typical, it indicates a case-by-case inquiry and not a presumptive conclusion for all such cases.

Second, no doubt a *total* lack of attorney preparedness equalivalent to *not testing* the prosecution's case at all might be tantamount to no counsel and would call for a presumption of unreliability, but not every case of somewhat deficient preparedness rises to this level. Cf. *Cronic* (Refusing counsel time to prepare a criminal case under some extreme circumstances may render it so unlikely that *any* attorney could provide effective assistance as to permit a presumption of ineffectiveness without any inquiry into actual trial conduct, but not every refusal to postpone a criminal trial gives rise to this presumption).

Here, McInerney's attorney testified to holding one or more meetings and to discussing witnesses with McInerney, determining that McInerney, who was not a Mississippi resident, had few friends who could testify on his behalf. His counsel tested the prosecution's case, cross-examining witnesses and providing the jury with an alternative theory (albeit one that failed to persuade). Given this record, we will not decide whether McInerney can show actual prejudice—a reasonable probability that the outcome of the trial would differ had McInerney's attorney taken all the steps and actions McInerney insists that he should have. *Strickland. Summit v. Blackburn,* 795 F.2d 1237, 1242 (5th Cir. 1986). Nor will we presume it.

Previously faced with a similar question, we drew the line between simple ineffective assistance requiring a showing of prejudice—the more typical case—and presumptive unreliability: bad lawyering, regardless of *how* bad, does not support the presumption; more is required. *See Woodard v. Collins,* 898 F.2d 1027 (5th Cir.1990) (suggesting claim of no investigation by attorney would still require showing of actual prejudice). We must remember that we are addressing the case from hindsight, a luxury not available to an attorney developing trial strategies and making judgement calls prior to and at trial. The fact that another lawyer might have developed different strategies or made different calls itself does not necessarily show unfairness. Cf. *Green v. Lynaugh,* 868 F.2d 176, 178 (5th Cir.1989).

For the reasons set forth, we reverse the holding of the trial court on the first contention and vacate that on the second, remanding for further proceedings.

REVERSED, VACATED and REMANDED.