IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-40409
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE DE JESUS SALAZAR-OLIVARES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
June 21, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

EDITH H. JONES, Circuit Judges:

Felipe de Jesus Salazar-Olivares appeals his guilty-plea conviction for illegal reentry into the United States after having previously been deported. He was sentenced to 46 months' imprisonment and three months supervised release. Appellants' principal complaints arise out of the district court's conduct of a simultaneous guilty plea hearing for several, similarly-charged defendants. This procedure was adopted to increase the court's efficiency while under inundation by border-related criminal cases. No counsel or defendant contemporaneously objected to the court's offer to hold the group hearing in these cases or to its practice of admonishing the defendants as a group and reciting into the record their expressed understanding of the court's

statements and inquiries.  On the facts before us, the appeal is frivolous.

Appellant argues that his conviction should be vacated because the transcript of the group guilty plea does not contain his specific responses to several of the Fed. R. Crim. P. 11 questions posed by the district court and that this court cannot conduct a meaningful review of his guilty plea.  He contends that the error is not harmless because he is being denied his right to an appeal.

Rule 11 requires the district court to follow certain procedures in determining whether United States v. Johnson, 1 F.3d 286, 298-300 (5th Cir. 1993) (en banc).  Rule 11 ensures that the district court addresses three core concerns: "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea."  Johnson, 1 F.3d at 300.  There is no right to appeal from a guilty plea in the absence of a jurisdictional defect.  Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).  Appeal is limited to a review of Rule 11 errors.  Id. At 843.

Although the district court asked many of the Rule 11 questions to the defendants as a group and the record does not identify individual responses to some of the Rule 11 inquiries, the transcript of Salazar-Olivares's guilty plea contains questions specifically directed toward him regarding the nature of the charge against him, his guilt on the charge, his age, and the nature of his plea agreement.  Salazar-Olivares answered

appropriately.  Salazar-Olivares does not argue that the district court varied from the required Rule 11 procedures or that he did not understand any of the rights he was waiving.  Moreover, his counsel was silent when the court asked if anyone had objections to its procedure.

Under these circumstances, Salazar-Olivares waived any error he might have asserted about the district court's Rule 11 group guilty plea procedure.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc) (a waived error "results in no error").  In any event, he cannot even describe how the court's procedure, as utilized in this case, denied him the opportunity to enter a knowing and voluntary guilty plea.

We can envision dangers arising from a court's failure to attend to details in a group guilty plea setting, but there are two sure safeguards against error: careful judicial practice and vigilant counsel.  As Salazar-Olivares raises this issue, it is frivolous.

The other issues raised by Salazar-Olivares are also frivolous.[*]  The Federal Public Defender, whose office filed this brief, is cautioned that it may be sanctioned for further frivolous filings.

DISMISSED AS FRIVOLOUS.

---

[*]Salazar-Olivares's two sentencing issues are frivolous.  He complains about the law in this circuit which does not require proof beyond a reasonable doubt of an aggravated felony used for a sentencing enhancement, but the district court found that his previous aggravated-felony conviction had been proved to that standard.  He challenges this circuit's rule that the facts stated in a PSR are accepted as true unless rebutted by the defendant's evidence, but on such findings played a role in his sentencing.