**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20731
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL CHARLES BALLARD, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-291-9
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrell Charles Ballard, Jr., appeals from his guilty-plea conviction of conspiring to possess with intent to distribute marijuana and conspiring to launder money. Ballard contends that the appeal waiver provision of his plea agreement regarding his sentence should not be enforced because the waiver provision was confusing; because the multi-defendant plea proceeding was hurried and unorganized; and because the district court did not mention the exceptions to the waiver. He argues that the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not demonstrate that he knew he was waiving his right to appeal. Apart from arguing that the waiver provision should not be enforced, Ballard contends that his criminal history score was erroneous; that the district court erred when calculating his offense level; and that the district court erred by denying the Government's motion for a downward departure.

The waiver provision in the plea agreement was clearly worded and was largely bold-faced. The prosecutor clearly summarized the sentencing-waiver provision and its exceptions. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The district court ascertained that Ballard understood that he was waiving his right to appeal, though the district court did not explain the exceptions to the waiver. The record does not indicate that the multi-defendant nature of the plea hearing affected Ballard's ability to understand the waiver provision. *See United States v. Salazar-Olivares*, 179 F.3d 228, 230 (5th Cir. 1999). The district court adequately ascertained that the waiver was voluntary; the waiver provision should be enforced. *See United States v. Robinson*, 187 F.3d 516, 518 & n.2 (5th Cir. 1999).

Ballard was sentenced within the statutory sentencing range and there was no upward departure in his case. Ballard waived his right to appeal his sentence. We therefore do not address the sentencing contentions Ballard raises on appeal.

APPEAL DISMISSED. 5TH CIR. R. 42.2.