# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

Lyle W. Cayce
Clerk

No. 08-51050

TIMOTHY D. HURICKS,

Petitioner–Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-00021

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy D. Huricks appeals the denial of his federal application for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction and 55-year sentence for aggravated sexual assault. This Court issued a certificate of appealability ("COA") to review the state habeas court's determination that Huricks's trial counsel did not render ineffective assistance when he did not request a competency hearing despite being on notice that the Social Security

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51050

Administration ("SSA") had previously determined that Huricks has an IQ of 49 and that he suffers from paranoid schizophrenia.  The respondent argues that Huricks is not entitled to habeas relief and alternatively argues that the district court erred in equitably tolling the limitations period because of Huricks's alleged mental impairments and in failing to dismiss Huricks's § 2254 application as untimely.

We hold that the district court did not err in denying habeas relief because the state habeas court's determination of the ineffective assistance of counsel claim was not objectively unreasonable.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Huricks pleaded guilty to aggravated sexual assault of a child on May 10, 2000.  The next day, he was sentenced to 55 years of imprisonment.  Huricks did not directly appeal his conviction or sentence.  On July 15, 2003, Huricks filed an application for a state writ of habeas corpus.

In the application, Huricks argued that his due process and Sixth Amendment rights had been violated because he was mentally incompetent at the time of his guilty plea and because his trial counsel failed to request a competency hearing despite having knowledge of his mental retardation and paranoid schizophrenia.  In support of his state application, Huricks attached (1) copies of mental health records from the Austin Travis County Mental Health Mental Retardation Center spanning from January 1998 to May 1999, indicating that he suffered from paranoid schizophrenia and depression; and (2) a decision from the SSA from February 23, 1999.  The SSA decision granted Huricks's application for supplemental security income because the severity of Huricks's paranoid schizophrenia and mental retardation prevented him from working. In its decision, the SSA noted that a psychiatrist and a psychologist both diagnosed Huricks as having "acute and chronic paranoid schizophrenia, severe." After examining Huricks, the psychologist, Fred E. Hill, Ph.D, found that as of

2

No. 08-51050

January 15, 1999, Huricks had "a verbal IQ of 56, a performance IQ of 52, and a full scale IQ of 49."[1]   Dr. Hill additionally noted that he found no inconsistencies in Huricks's response level in any of the eleven tests he performed.  Both mental health experts found that the claimant was not capable of managing his own affairs, with Dr. Hill opining further that Huricks could not "function independently and would probably need some type of custodial care." The SSA concluded that Huricks suffered from severe paranoid schizophrenia and mental retardation.

The State filed a response denying each allegation of fact and arguing that Huricks was not entitled to relief.  The State also submitted an affidavit from Huricks's trial counsel, David B. Fannin.  Fannin acknowledged that he was aware that Huricks had a lower-than-average IQ, had a schizophrenia diagnosis, and was taking medication.  Fannin also acknowledged that he knew that the SSA had determined his client was disabled due to paranoid schizophrenia and mental retardation.  Fannin states that because of this knowledge, he spent "approximately 15 to 20 hours discussing the case with him," which included discussions "about the charges against him, the witnesses involved, possible defenses to the allegation, and whether he wished to go to trial."  Fannin stated that during these discussions, Huricks was engaged, asking questions, identifying his accusers, and discussing the possible testimony he may provide.

Fannin also stated that because of Huricks's mental health history, he consulted a pharmacist and a psychologist.  Fannin states that he told the pharmacist what drugs Huricks was taking at the time, and that the pharmacist informed him that "[t]he medications, if properly prescribed[,] would enable a depressed and/or psychotic person to overcome such symptoms, and to act and behave in a manner considered normal, and to have a rational understanding of

---

[1] A full copy of Dr. Hill's psychological report was also included in Huricks's Texas Department of Criminal Justice mental health records.

3

No. 08-51050

the circumstances." Fannin also "spoke with a psychologist concerning whether Mr. Huricks's low IQ would foreclose his ability to understand the nature of the proceedings against him and the consequences of his plea." After informing the psychologist of the nature of his conversations and Huricks's responses and the fact that Huricks was able to recite back his understanding of the conversations, the psychologist opined that Huricks would be able to understand the nature of the charges, the difference between right and wrong, and the consequences of pleading guilty.

After his discussions with Huricks, the pharmacist, and the psychologist, Fannin concluded that Huricks was able to understand the nature of the charges and the consequences of going to trial or pleading guilty. Fannin stated that after he explained the consequences of pleading guilty to Huricks, Huricks repeated back his understanding. Although Huricks was not articulate, Huricks indicated a correct understanding of pleading guilty. Fannin averred that if he "had thought for one instant that Mr. Huricks was unable to understand the proceedings against him or that he was legally incompetent, [h]e would have filed a motion to determine competency."

On November 9, 2003, the state habeas court recommended denying relief. The state court's findings largely consisted of the assertions and averments made by Fannin. The state court additionally found that the "attorney did not file a motion to determine competency because he investigated the matter and concluded that the applicant was competent to stand trial as he had a rational understanding of the proceedings." The state court's conclusions of law relevant to this case include:

a)    The Court finds that the applicant's assertions about his attorney's conduct are not credible.

b)    The Court finds all assertions and averments in the affidavit of David B. Fannin (applicant's trial counsel) to be true.
       . . .

4

No. 08-51050

d)    The applicant had a rational and factual understanding of the nature of the charges and proceedings, so he was not entitled to a mental competency hearing.

e)    The applicant's attorney did not render ineffective assistance of counsel.

The Texas Court of Criminal Appeals denied Huricks's application without written order or hearing on the findings of the state court. *Ex parte Huricks*, No. 57, 461-02 (Tex. Crim. App. Jan. 28, 2004). On October 28, 2004, Huricks filed a second application for a state writ of habeas corpus, which included arguments concerning actual innocence, mental incompetence, and misconduct of an attorney and the prosecution. On February 9, 2005, the Texas Court of Criminal Appeals dismissed the application as a subsequent application.

On January 5, 2006, Huricks filed his § 2254 application in federal district court. He sought relief due to ineffective assistance of counsel, a coerced plea, and mental incompetence at the time of the plea. The respondent argued that Huricks's application lacked merit.[2] As to Huricks's claims that he was mentally incompetent at the time of the guilty plea and that his counsel rendered ineffective assistance by not requesting a competency hearing, the magistrate judge recommended that the district court deny the application because Huricks had failed to meet his burden of showing that the state court's conclusions were unreasonable. The district court reviewed the record de novo and concluded that the magistrate judge's recommendation was correct. The district court, therefore, denied Huricks's § 2254 application. Huricks timely filed a notice of

---

[2] In the alternative, the respondent argued that Huricks's application for federal writ of habeas corpus was untimely filed. The magistrate judge determined that Huricks's § 2254 application was untimely; however, he recommended that the district court equitably toll the limitation period because of Huricks's mental impairments. The district court adopted this recommendation. The respondent raises this argument again on appeal. We affirm the district court's decision to deny habeas because Huricks has failed to carry his burden of proving prejudice. We do not reach the issue of timeliness and equitable tolling.

No. 08-51050

appeal and moved for a COA before this Court.  We granted a COA on the ineffective assistance of counsel claim.

## II. DISCUSSION

Huricks argues that his trial counsel, Fannin, rendered ineffective assistance when Fannin failed to request a competency examination for Huricks even though Fannin was aware that the SSA had found that Huricks was mentally retarded with a full-scale IQ of 49 and suffered from paranoid schizophrenia.  The respondent argues that Huricks has (1) failed to provide clear and convincing evidence to rebut the state court's findings, and (2) failed to carry his burden of proving the objective unreasonableness of the state court's conclusions that Fannin did not render ineffective assistance of counsel and that the applicant had a rational and factual understanding of the nature of the charges and the proceedings.  We find that Huricks has failed to carry his burden of proving prejudice.  Accordingly, we affirm the district court's decision to deny federal habeas relief.

We review the district court's legal conclusions de novo and its factual findings for clear error.  *Ladd v. Cockrell*, 311 F.3d 349, 351 (5th Cir. 2002).  Because an ineffective assistance claim is a mixed question of law and fact, we review the district court's denial of habeas relief de novo. *Id.* at 357. We and the district court review federal habeas claims through the lens imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The 1996 amendments to 28 U.S.C. § 2254 "circumscribe our consideration of [Huricks's] claim and require us to limit our analysis to the law as it was 'clearly established' by the precedents existing at the time of the state court's decision." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).  Under AEDPA, a federal court cannot grant habeas relief for any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim either:

6

No. 08-51050

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  We review "pure questions of law under the 'contrary to' standard of subsection (d)(1), mixed questions of law and fact under the 'unreasonable application' standard of subsection (d)(1), and pure questions of fact under the 'unreasonable determination of facts' standard of sub-section (d)(2)." *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000) (citation omitted). Under AEDPA, we must presume that the state court's factual findings are correct unless Huricks rebuts that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Murphy*, 205 F.3d at 813.  Under the "unreasonable application" clause, the state-court application of federal law must be "objectively unreasonable."  *Wiggins*, 539 U.S. at 520–21 (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotation marks omitted).

To demonstrate ineffective assistance of counsel in violation of the Sixth Amendment, Huricks must show that (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"; nor must we "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

To demonstrate prejudice, Huricks must demonstrate a "reasonable probability that he was incompetent, sufficient to undermine confidence in the outcome."[3]  *Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990) (citing

---

[3] This is a lower burden of proof than the preponderance standard.  *Bouchillon*, 907 F.2d at 595.  If Huricks were making a incompetency-in-fact claim, he would have to prove his incompetency by a preponderance of the evidence.  *Bouchillon*, 907 F.2d at 592.

*Strickland*, 466 U.S. at 694) (internal quotation marks omitted).  It is well-established that "due process prohibits the conviction of a person who is mentally incompetent." *Id.* at 592 (citing *Bishop v. United States*, 350 U.S. 961 (1956)).  A criminal defendant may not be tried unless he is competent. *Godinez v. Moran*, 509 U.S. 389, 396 (1993).  A defendant may not plead guilty unless he does so "competently and intelligently." *Id.* at 396.  The test for incompetency is also well-settled: "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Bouchillon*, 907 F.2d at 592 (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

We find that Huricks did not provide sufficient evidence to demonstrate prejudice.  We must presume that the state court's findings of fact are correct unless Huricks rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).  The state court's findings of fact indicate that Huricks was consulting with his lawyer with a reasonable degree of rational understanding.  Based on Fannin's affidavit, the state court found that Huricks engaged in discussion with his lawyers, "identified his accusers and discussed his possible testimony."  The state court's findings further indicate that he had a rational and factual understanding of the proceedings.  Also based on Fannin's affidavit, the state court found that the "applicant's attorney made the applicant aware of the consequences of a guilty plea," and that "[a]fter explaining these consequences to the applicant, the applicant's attorney asked the applicant to repeat back his understanding of the consequences of his plea[, and that t]he applicant indicated a correct understanding of the consequences of the plea."  These findings of fact indicate that Huricks was competent to enter a guilty plea.

Huricks has failed to rebut the presumption of correctness of the state court's findings of fact or demonstrate a reasonable probability that he was

No. 08-51050

mentally incompetent at the time of the guilty plea. Though Huricks provides evidence that he suffers from paranoid schizophrenia and has a low IQ, he fails to explain how these conditions rendered him unable to "consult with his lawyer with a reasonable degree of rational understanding" or have "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 362 U.S. at 402. Huricks's sole argument concerning prejudice is that pleading guilty in exchange for a 55-year prison term—a long term of imprisonment—is "bizarre" behavior on his part and therefore demonstrative of impaired judgment caused by his paranoid schizophrenia. However, as the respondent points out, the State dismissed five other counts in exchange for the guilty plea. Thus, Huricks risked a longer prison term had he gone to trial; taking this plea bargain was not irrational.

Given that Huricks has failed to present clear and convincing evidence to the contrary, we accept the state court's findings of fact concerning Huricks's interactions with his trial counsel and Huricks's rational understanding of the proceedings as true. On these facts, the state court's conclusion that Huricks was competent at the time of the plea and thus that it should deny the ineffective assistance of counsel claim was not contrary to or an unreasonable application of *Strickland*. Accordingly, we affirm the district court's denial of the writ of habeas corpus.

AFFIRMED.