# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 17, 2011

Lyle W. Cayce
Clerk

No. 10-30239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODNEY WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-142-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rodney Walker pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride. He also pleaded guilty to a bill of information charging that he was subject to an enhanced sentence due to his prior conviction for distribution of cocaine. Although Walker faced a guideline range of 262-327 months of imprisonment, he was granted a downward departure to the statutory mandatory minimum sentence of 20 years.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30239

His plea was accepted by the district court at a group proceeding with his six co-defendants. During the plea colloquy, the district judge permitted the defendants to answer certain of his questions in unison rather than individually. Moreover, although the district judge repeatedly referenced Walker's 20 year mandatory minimum, he never asked Walker specifically whether he understood the sentence that he faced. Walker now appeals, seeking to have his guilty plea vacated. His first argument is that the district court violated Fed. R. Crim. Proc. 11 by eliciting collective responses during the group guilty-plea proceeding with his co-defendants. Specifically, Walker claims that but for district court's alleged error, he might have tried to negotiate a reduction in the drug quantity attributed to him. Second, Walker says that the court never asked any of the defendants whether they understood what their mandatory minimum sentences were. Walker does not allege, however, that he would have changed his plea but for those claimed errors.

As Walker acknowledges, he did not object to the Rule 11 colloquy. Therefore, our review on both points is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). In order to prevail, Walker must show that the district court made an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In evaluating whether an alleged Rule 11 violation affects a defendant's substantial rights, this court looks to whether, in light of the entire record, there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Here, we find no error, plain or otherwise, in the procedure the district court used in this rearraignment. As we have previously observed, "[w]e can envision dangers arising from a court's failure to attend to details in a group

2

guilty plea setting . . . ." *United States v. Salazar-Olivares*, 179 F.3d 228, 230 (5th Cir. 1999).   In the extreme case, a district judge attempting to accept the pleas of dozens of defendants in disparate cases at one time may find it impossible to satisfy Rule 11.  *See United States v. Roblero-Solis*, 588 F.3d 692, 700 (9th Cir. 2009) (affirming convictions despite finding a Rule 11 violation where the pleas of unrelated defendants were taken in large groups simultaneously).   In this case, however, the district judge below undertook a group colloquy with only seven co-defendants.  Moreover, the record shows that he was careful to ensure that each defendant understood the rights he was forsaking, repeatedly directing specific questions towards each defendant, ensuring that each defendant answered his questions and engaging individual defendants in colloquy if it appeared that any defendant had misgivings with respect to any specific question.  As to Walker specifically, the judge asked him individually to indicate that he had signed the plea agreement, that he wished to plead guilty to count one of the indictment, and that he wished to plead guilty to the information charging him with having a prior felony drug conviction.  In that context, there is no plain error here.  *See Salazar-Olivares*, 179 F.3d at 229-30.

Walker's argument that the district court violated Rule 11 by failing to question him as to whether he in fact understood the applicable mandatory minimum sentence fails for similar reasons.  The record reflects that the district court did advise Walker, that due to his prior felony drug conviction, he faced a mandatory minimum sentence of 20 years of imprisonment.  The district court specifically asked Walker to identify his signature on the plea agreement, which also set forth the mandatory minimum sentence.  Thus, Walker could not  have been (and indeed, does not even allege that he was) unaware of the consequences of his plea.  *See United States v. Vasquez-Bernal*, 197 F.3d 169, 170-71 (5th Cir. 1999) (observing that where the maximum period of incarceration a defendant faced was set forth in the pre-sentence report, it would be "absurd" to find that

the defendant was unaware of the consequences of his plea even if the district court failed to instruct him properly under Rule 11).  Walker has failed to show that he was unaware or in any way misunderstood the statutory mandatory minimum sentence applicable to his case.

Moreover, even if the district court had erred in either of the respects discussed above, Walker has failed to show that any alleged error affected his decision to plead guilty.  *See Dominguez Benitez,* 542 U.S. at 83; *see also United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000).  Indeed, Walker does not even allege that he would have changed his plea but for the court's errors, but rather speculates that he might have been able to renegotiate the amount of drugs for which he was responsible.  That unfounded claim does not undermine our confidence in the proceedings below.  *See Dominguez Benitez*, 542 U.S. 74, 83 (2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Accordingly, the judgment of the district court is AFFIRMED.