# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

No. 13-40331
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEODOCIO CARRERA, also known as Maclovio Ocon,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CR-29-3

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Teodocio Carrera, who is serving a 108-month sentence following his guilty plea to a methamphetamine offense, filed a pro se notice of appeal from "the JUDGMENT entered in the above captioned case . . . on August 26, 2011." The district court's docket reflects that the court entered a preliminary order of forfeiture of property on that date. In his brief, however, Carrera complains about the district court's denial of both his motion for return of property, filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40331

in January 2013, and his motion to vacate the forfeiture judgment, filed in February 2013. Under the particular circumstances here, we will liberally construe his notice of appeal and address the challenges Carrera raises to the denial of the motion for return of property and the motion to vacate the forfeiture judgment. *See United States v. Knowles*, 29 F.3d 947, 949 (5th Cir. 1994); *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1148 (5th Cir. 1992).

As for whether the appeal waiver bars the instant appeal, as the Government contends, we pretermit this issue because Carrera has failed to address any issue pertinent to his appeal. *See United States v. Story*, 439 F.3d 230, 230-31 (5th Cir. 2006) (noting that the existence of a valid appeal waiver does not implicate this court's jurisdiction).

In his appellate brief, Carrera now contends that in regard to the judicial forfeiture, his counsel failed to inform him that his property would be seized, and he argues that the district court should have construed his motions as seeking relief under 28 U.S.C. § 2255. He does not, however, address the district court's determinations that his motions, which were premised on alleged procedural defects in the forfeiture order, lacked merit because (1) the property at issue was clearly identified in both the preliminary order of forfeiture and the final order of forfeiture, (2) Carrera had not contested the forfeiture, and (3) Carrera had agreed to forfeit the items in his plea agreement. Nor does he present any argument concerning the district court's entry of the preliminary order of forfeiture. Accordingly, Carrera has abandoned any challenge to those determinations. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Carrera's appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. *See United States v. Salazar-Olivares*, 179 F.3d 228, 230 (5th Cir. 1999); 5TH CIR. R. 42.2. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.