# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10658
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEIL NICK RENE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-95-3

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Neil Nick Rene pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 50 kilograms or more of marijuana and conspiracy to launder monetary instruments, and he was sentenced to 151 months of imprisonment on each count, to run concurrently. As part of the agreement, Rene broadly waived his right to appeal his conviction and sentence, reserving only the rights to appeal any punishment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed in excess of the statutory maximum, to challenge the voluntariness of his guilty plea or appeal waiver, and to bring a claim of ineffective assistance of counsel that influenced the voluntariness of the plea or waiver.

On appeal, Rene contends that the district court erred in applying the importation enhancement under U.S.S.G. § 2D1.1(b)(14)(C) and in determining the drug quantities used to calculate his base offense level and further that the district court failed to properly consider and weigh relevant mitigating factors under 18 U.S.C. § 3553(a).  The Government argues that the appeal is barred by the appeal waiver provision of the plea agreement.  Rene acknowledges the waiver but contends it is invalid.

As an initial matter, Rene's contention that his guilty plea violates due process because he was not aware of the actual sentence he faced or that he would be held accountable for "factually unsupported" drug amounts is refuted by the record.  In writing and during his rearraignment, Rene verified that he understood that he faced a maximum possible penalty of 20 years in prison on each count.  He therefore was fully aware of the consequences of his guilty plea. *See United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).

Further, the record of Rene's rearraignment shows that the waiver was knowing and voluntary, as Rene knew he had the right to appeal and that he was giving up that right as set forth in the plea agreement. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).  Rene's argument that he was unaware he would be without recourse to correct an "improper" or "unjust" sentence resulting from an unforeseen offense level does not alter this conclusion. *See United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992).  Similarly, Rene's challenge to the group guilty-plea procedure fails, as the record reflects that the magistrate judge addressed the defendants individually and was

careful to obtain individual answers from each defendant, including Rene, and Rene did not object to the procedure. *See United States v. Salazar-Olivares*, 179 F.3d 228, 229-30 (5th Cir. 1999). Further, the waiver was not rendered invalid by the district court's mistaken assertion at sentencing regarding Rene's appellate rights and the Government's failure to correct the mistake. *See Melancon*, 972 F.2d at 568.

Because the plain language of the appeal waiver provision applies to Rene's challenges to his sentence, we will enforce the waiver and DISMISS the appeal. *See United States v. Bond*, 414 F.3d 542, 545-46 (5th Cir. 2005).