# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 14-50399
Summary Calendar

_____

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

MANUEL JUNIOR MARTINEZ,

Defendant-Appellant

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1494-2

_____

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Manuel Junior Martinez appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute 100 grams or more of heroin. The claims that Martinez seeks to raise on appeal are: (1) the district court committed procedural plain error at sentencing by denying him credit for acceptance of responsibility; (2) the sentence was substantively unreasonable; and (3) he received ineffective assistance of counsel.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50399

The Government argues that most of Martinez's claims are barred by the appeal waiver in the plea agreement. Martinez argues that the appeal waiver is not enforceable because his guilty plea was not knowing and voluntary. He contends that his guilty plea was involuntary because his counsel told him that the judge would get upset and give him a higher sentence if he pleaded not guilty and because the magistrate judge admonished him at rearraignment that he should not fool himself into thinking he was not guilty. He maintains that his guilty plea was not knowing because he did not review the factual basis for his guilty plea until rearraignment. He asserts that the magistrate judge violated Federal Rule of Criminal Procedure 11(b)(1) by conducting a group rearraignment in which he admonished a group of defendants that included two defendants who did not have a right to a jury trial about their right to a trial.

Although the magistrate judge rearraigned Martinez with a group of other defendants and two of those defendants did not have a right to a jury trial, the magistrate judge admonished the defendants who had a right to a jury trial, including Martinez, that they had a right to a jury trial, and specified those defendants who did not. The magistrate judge addressed each defendant individually to ascertain that he understood the admonishments. As the magistrate judge obtained individual answers from each defendant and Martinez did not object to the group rearraignment, Martinez's challenge to the group rearraignment is without merit. *See United States v. Salazar-Olivares*, 179 F.3d 228, 229-30 (5th Cir. 1999).

Martinez's statements under oath at rearraignment that he was pleading guilty freely and voluntarily "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). While Martinez apparently incorrectly believed that pleading not guilty would make the judge upset, the

magistrate judge gave a detailed explanation of why Martinez could receive a shorter sentence if he pleaded guilty based upon acceptance of responsibility. Nothing in the magistrate judge's explanation shows that any pressure was placed on Martinez to plead guilty, and the magistrate judge told Martinez that he could plead not guilty and be scheduled for trial. Although Martinez stated that he had not reviewed the factual basis for his guilty plea, the magistrate judge gave Martinez time to review the factual basis with his attorney, and Martinez then voluntarily averred that the factual basis was correct. Accordingly, the record shows that Martinez's guilty plea was knowing and voluntary. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

The magistrate judge reviewed the appeal waiver with Martinez in detail, and Martinez acknowledged that he understood the appeal waiver. Accordingly, Martinez entered into the appeal waiver knowingly and voluntarily, and the appeal waiver is enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). The plain language of the appeal waiver shows that Martinez's challenges to the denial of a reduction for acceptance of responsibility and the reasonableness of the sentence are barred by the appeal waiver and that his claims of ineffective assistance of counsel are not. *See United States v. Bond*, 414 F.3d 542, 544-46 (5th Cir. 2005).

Martinez's ineffective assistance of counsel claims were not raised in the district court, and an evidentiary hearing was not conducted. The record is not sufficiently developed to permit review of the ineffective assistance of counsel claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014). Accordingly, we deny the claims without prejudice to Martinez's raising them on collateral review.

AFFIRMED.