**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Adan GUEVARA–MORENO, also known as Jose Moreno–Guevara, Defendant–Appellant.**

**No. 14–40231**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Edward A. Mallett, Esq., Mallett Saper Berg, L.L.P., Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Adan Guevara–Moreno appeals his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the district court's failure to require that he expressly relinquish his rights to a jury trial, to have witnesses presented at trial, and to remain silent before accepting his guilty plea constituted Federal Rule of Criminal Procedure 11 error. He argues that the error was both plain and structural, and he requests that his case be remanded to the

---

district court so that he can "re-plead" and argue for a lesser sentence based upon his benign motive for reentry.

Guevara–Moreno's argument that any Rule 11 error by the district court constitutes structural error is without merit. *See United States v. Davila,* —— U.S. ——, 133 S.Ct. 2139, 2149, 186 L.Ed.2d 139 (2013); *United States v. Dominguez Benitez,* 542 U.S. 74, 81 & n. 6, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Moreover, Guevara–Moreno's contentions are reviewed for plain error because he did not raise any of them in the district court. *See Davila,* 133 S.Ct. at 2147; *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

Guevara–Moreno has not shown error, plain or otherwise. Rule 11 required that the district court ensure that Guevara–Moreno understood his rights to a jury trial, to confront adverse witnesses, and to be protected from compelled self-incrimination. FED R.CRIM. P. 11(b)(1)(C), (E). The district court also had to ensure that Guevara–Moreno understood that he waived those rights if the district court accepted his guilty plea. FED.R.CRIM.P. 11(b)(1)(F). The district court's colloquy with Guevara–Moreno satisfied those Rule 11 requirements. *See United States v. Salazar–Olivares,* 179 F.3d 228, 229–30 (5th Cir.1999); *United States v. Henry,* 113 F.3d 37, 41 (5th Cir.1997). The district court's judgment is therefore AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.