# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50364

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JORGE LUIS TORRES, JR.,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CV-4

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jorge Luis Torres, Jr., was sentenced to serve four months in prison and a three-year term of supervised release after pleading guilty to one charge of conspiring to transport aliens. He did not appeal his sentence. Torres subsequently petitioned the district court to set aside the conviction pursuant to 28 U.S.C. § 2255, arguing that his plea was involuntary because he was incompetent when he entered it and that his counsel rendered ineffective

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 16-50364

assistance to him in connection with the entry of his guilty plea.  The district court denied Torres's § 2255 motion.  We AFFIRM.

## I.

Jorge Luis Torres, Jr., pleaded guilty to conspiracy to transport illegal aliens.  Border patrol agents stopped Torres after they observed erratic driving.  Agents transported Torres and his two passengers to the checkpoint station where Torres admitted that he was being paid to transport a passenger whom he knew was illegally present in the United States.  Torres consented to enter his guilty plea to a magistrate judge, and his guilty plea was entered along with other defendants.[1]

During his sentencing hearing, Torres told the district court that he understood the immigration consequences of this guilty plea and that he had been given an opportunity to discuss the Presentence Report with his counsel.  The district court sentenced Torres to four months of imprisonment and three years of supervised release.  Torres did not file a direct appeal from the judgment of the conviction.

About a year after his sentencing hearing, Torres filed a motion to set aside the conviction under 28 U.S.C. § 2255.  First, he argued that his guilty plea was involuntary because he had a lifelong neurological condition and low IQ that made him incompetent when he entered his guilty plea.  Next, he argued that his counsel rendered ineffective assistance of counsel by failing to investigate the issue of his incompetency or to request a competency hearing

---

[1] We have previously opined on the problems that may occur in group plea hearings.  "[A] district judge attempting to accept the pleas of dozens of defendants in disparate cases at one time may find it impossible to satisfy Rule 11." *United States v. Walker*, 418 F. App'x 359, 360 (5th Cir. 2011).  As we have previously observed, "we can envision dangers arising from a court's failure to attend to details in a group plea sitting." *United States v. Salazar-Olivares*, 179 F.3d 228, 230 (5th Cir. 1999).  While we have noted that this procedure is permissible, it is not preferred precisely because of these dangers.

2

after Torres's parents provided his counsel with documentation of his neurological condition. Torres submitted, as an exhibit in support of his motion, a psychologist's report that was prepared by his own psychologist in connection with his removal proceedings.[2] This psychologist determined that Torres had an IQ of 62 and concluded that Torres was unable to consult effectively with his lawyer.

The government argued that Torres was not incompetent, referring the district court to the plea and sentencing hearing transcripts, along with an affidavit from Torres's counsel. In his affidavit, Torres's counsel stated that Torres was "rational and coherent" throughout the proceedings. Acknowledging Torres's low IQ, his counsel believed that Torres "understood the process, the charges[,] and the consequences he faced."

The district court denied Torres's motion. Considering in particular the plea hearing transcript, Torres's interview with the Probation Office, and Torres's counsel's affidavit, the district court—who also sentenced Torres—determined that there was "no indication that Torres was incompetent to enter a guilty plea." The district court discounted the probative value of the psychologist's report prepared for the immigration proceedings conducted after the plea hearing and emphasized that the proper question in the § 2255 context is whether Torres was capable to understand the legal proceedings at the time he entered a guilty plea. The district court remarked that a defendant "with a much more deficient IQ" has been deemed competent in the past, citing *Huricks v. Thaler*, 417 F. App'x 423, 428 (5th Cir. 2011). The district court denied Torres's § 2255 motion but issued a certificate of appealability.

---

[2] Torres was a lawful permanent resident at the time of the offense but now faces deportation because of this conviction. As part of removal proceedings initiated about two years after Torres entered the guilty plea at issue here, an immigration judge held a competency hearing and found that Torres was incompetent for immigration proceedings.

No. 16-50364

## II.

We review the district court's factual findings for clear error and conclusions of law *de novo*. *United States v. Underwood*, 597 F.3d 661, 665 (5th Cir. 2010). Because an ineffective assistance of counsel claim is a mixed question of law and fact, we review it *de novo*. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). We review a district court's denial of a § 2255 motion without a hearing only for an abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

## III.

Torres raises three arguments on appeal. First, he contends that the district court was wrong to conclude that he failed to prove that he was legally incompetent to plead guilty. Second, Torres argues that the district court erred in denying his ineffective assistance of counsel claim. Last, he contends that the district court erred in denying his motion without first conducting a hearing.

## A.

The conviction of a mentally incompetent person violates the due process clause. *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir. 1990). To determine whether a person is incompetent, a court must ask whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). As we have explained, "[n]ot all people who have a mental problem are rendered by it legally incompetent." *Id.* at 593.

A habeas petitioner, who is bringing a claim of mental incompetency, has a threshold burden to create "a substantial doubt" as to his competency "by clear and convincing evidence." *Zapata v. Estelle*, 585 F.2d 750, 751–52 (5th Cir. 1978). After satisfying this threshold burden, the habeas court will

4

conduct a hearing, and a petitioner must then prove the fact of incompetency by a preponderance of the evidence. *Id.* Here, Torres has not met his threshold burden. The proper question is not whether Torres has a mental deficiency but rather whether Torres has created a substantial doubt by clear and convincing evidence that he was unable to consult with his counsel in a rational manner or that he lacked an adequate understanding of the proceedings at the time he entered his guilty plea.

A defendant who has a diminished mental capacity is not necessarily legally incompetent. *See Godinez v. Moran*, 509 U.S. 389, 396–402 (1993). Those with diminished mental capacity "frequently know the difference between right and wrong and are competent to stand trial." *Atkins v. Virginia*, 536 U.S. 304, 318 (2002); *see Huricks*, 417 F. App'x at 428. Torres has not created a substantial doubt that he was unable to consult with his counsel or lacked an adequate understanding of the legal proceedings. As the district court stated in its order denying Torres's motion, the plea hearing transcript indicates "that Torres was alert and coherent during the plea hearing." The district court explained that the magistrate judge "thoroughly questioned Torres, who cogently answered questions indicating he understood everything." Moreover, the district court specifically observed that Torres "demonstrated a coherent concern" about the immigration consequences of his guilty plea and "made a rational and informed choice to plead guilty to receive a lesser sentence." Likewise, the Presentence Investigation Report (PSR) reported that Torres was "cognizant, polite, and cooperative" during his interview with the Probation Office. The PSR reported no history of mental or emotional health problems but noted that Torres had a speech impairment and was diagnosed "with an unknown type of neurological condition" when he was young.

5

In addition, an affidavit from his counsel indicates that Torres was competent when he entered his guilty plea.  His counsel stated that while Torres had a speech impediment, it was his opinion that Torres "understood the process, the charges[,] and the consequences that he faced."  Emphasizing the time he spent explaining the legal proceedings to Torres, his counsel stated that Torres "was rational and coherent" in all of their conversations and court proceedings.  While Torres's family provided his counsel with information concerning Torres's neurological condition diagnosis, after reviewing the documents, his counsel did not think that Torres was incompetent.

On appeal, Torres reiterates the importance of a psychologist's report that was completed approximately two years after Torres entered a guilty plea. As part of Torres's later removal proceedings, the immigration court held a competency hearing.  According to Torres, his immigration counsel raised the issue of competency with the Department of Homeland Security.  DHS had Torres examined by one of its doctors and then filed with the immigration court a motion requesting a competency hearing.  In preparation for this competency hearing, Torres's immigration counsel hired a psychologist to evaluate Torres, and then Torres submitted to the immigration court this report written by his own psychologist.  Torres's psychologist concluded that Torres had an overall IQ of 62 and that Torres was legally incompetent both at the time of the evaluation and during "his previous hearings."  An immigration court then deemed Torres incompetent for immigration proceedings.  Torres argues that this psychologist's report and the immigration court's determination establish that Torres was incompetent at the time of his guilty plea.

A low IQ alone does not establish that a defendant is incompetent. *See, e.g.*, *Atkins*, 536 U.S. at 318; *Huricks* at 417 F. App'x at 428 (upholding the district court's denial of habeas relief under 28 U.S.C. § 2554 for a petitioner challenging his counsel's decision not to request a competency evaluation after

notice that petitioner had an IQ of 49).  Torres overstates the probative value of this psychologist's report.  One issue is timing.  This psychologist's report was conducted two years after Torres pleaded guilty.  While Torres contends that his current low IQ is the result of a lifelong neurological condition, and thus his mental condition has not changed, evidence nearer in time to the entry of his guilty plea, such as the sentencing hearing transcript and the PSR, undermines this assertion. As the district court observed, "there is nothing in the record to indicate that Torres was unable to understand the plea proceedings in 2012."  In fact, Torres's psychologist's report itself supports the idea that Torres's mental condition is dynamic, noting a sharp 18-point drop in his IQ during his childhood.  Torres has not shown that his mental condition was the same, both at the time he pleaded guilty and when this psychologist's report was written.  Considering the totality of the evidence and its probative value, as the district court did, we conclude that the district court did not err in determining that Torres did not meet his burden to create "a substantial doubt" as to his competency "by clear and convincing evidence."

### B.

In his § 2255 motion, Torres also argues that his counsel was ineffective in failing to investigate Torres's competency and request a competency hearing.  To bring a successful claim of ineffective assistance of counsel under *Strickland*, a defendant must show: (1) deficient performance; and (2) prejudice. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  There is "a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.*  As to prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 689). To show prejudice, it is not enough to "show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* Rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Torres has failed to prove that his counsel's performance was deficient. Under *Strickland*, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* (quoting *Strickland*, 466 U.S. at 689). Counsel has a duty to make reasonable investigations. *Id.* at 596. The Supreme Court has "rejected the notion that the same investigation will be required in every case." *Cullen v. Pinholster*, 563 U.S. 170, 195 (2011). In this case, Torres's counsel fulfilled his duty. Torres's counsel reviewed medical records from Torres's family. He intentionally spent extra time with Torres to make sure that he understood the consequences of a guilty plea. He spoke with Torres and his wife multiple times in person and on the phone.

This case is different from *Bouchillon v. Collins* in which trial counsel "did no investigation whatsoever" even after learning that the defendant had been institutionalized and was on medication because of mental health problems. 907 F.2d at 596–97. In *Bouchillon*, trial counsel "made no phone calls, did not request [the defendant's] medical records, [and] did not talk to witnesses regarding [the defendant's] mental problems. . . ." *Id.* at 596. In contrast here, there is no evidence in this record that Torres had been institutionalized or was on medication for mental health reasons. While counsel had knowledge that his client had a speech impediment, this did not give counsel reason to believe Torres was legally incompetent. Moreover, his counsel did review Torres's medical records and spoke both with Torres and his wife. "There are no 'strict rules' for counsel's conduct beyond 'the general requirement of reasonableness.'" *Trottie v. Stephens*, 720 F.3d 231, 242 (5th

No. 16-50364

Cir. 2013) (quoting *Cullen*, 563 U.S. at 195–96). Here, it was reasonable for his counsel, given his interactions with and observation of Torres, to conclude that a competency evaluation or hearing was unnecessary. Thus, Torres has not satisfied the deficient performance prong, and his ineffective assistance of counsel claim necessarily fails.

Furthermore, even assuming *arguendo* that counsel's performance was deficient, the district court correctly determined that Torres also failed to establish prejudice. To establish prejudice in this context, Torres must demonstrate a reasonable probability that he was incompetent when he pleaded guilty. *See Bouchillon*, 907 F.2d at 595. As discussed extensively above, his record does not establish a reasonable probability that he was incompetent at the time of his plea. Rather, it shows the opposite. For this reason, Torres's ineffective assistance of counsel claim also fails.

C.

The last issue is whether the district court erred in considering the evidence and then dismissing the § 2255 motion without first conducting a hearing. We review this question for abuse of discretion. *Cervantes*, 132 F.3d at 1110. A hearing is required unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Section 2255 does not require direct evidence that a petitioner is not entitled to habeas relief. *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990). As we have explained, "[w]here the defendant's testimony evidenced his lucidity and competence, and there is a clear inference from the records that the defendant was fully competent, it would be a waste of judicial resources to require a hearing." *Id.* Similarly, "if the record is clearly adequate to fairly dispose of the claims of inadequate representation, further inquiry is unnecessary. . . ." *Byrne*, 845 F.2d at 512.

9

No. 16-50364

It is puzzling that Torres does not mention in his briefing why a hearing concerning his competency would have been helpful or necessary. In light of the entirety of this record, the district court did not abuse its discretion in ruling on Torres's § 2255 motion without first conducting a hearing. *See, e.g., United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that the district court did not err in denying a § 2255 motion without first holding a hearing, even given some evidence of mental illness). As discussed above, the transcripts of the plea proceedings show Torres to be alert, coherent, and competent to plead guilty. The PSR and the affidavit from Torres's counsel support this conclusion. Even though there is some evidence in the record to suggest that Torres has a neurological condition, which is not contested, there is no reason to believe that Torres was incompetent at the time he pleaded guilty. Thus, with regard to this claim, the district court did not abuse its discretion.

Nor did the district court err in not holding a hearing on the ineffective assistance of counsel claim.[3] Here, the record "is clearly adequate to fairly dispose of" Torres's claim of ineffective assistance of counsel. *Byrne*, 845 F.2d at 512. In *United States v. Kayode*, we upheld a district court's denial of a § 2255 motion based on an ineffective assistance of counsel claim when no hearing had been conducted. 777 F.3d 719, 729–30 (5th Cir. 2014). In that case, the petitioner provided his own sworn affidavit in support of his motion, and we affirmed the district court's denial of this motion in light of the totality

---

[3] Torres contends that a hearing on his ineffective assistance of counsel claim is necessary to resolve a factual dispute concerning whether Torres's counsel "reasonably" considered the medical records provided by his family and investigated based on these records. Torres's father acknowledged that counsel received these records but stated that counsel only glanced at them. Torres has not actually identified a factual dispute, but rather Torres is just arguing that his counsel was unreasonable in his preparation. On this point, then, it is not clear what a hearing in this context would actually uncover to assist the district court in its determination.

of the circumstances. *Id.* at 729–30. In light of the totality of the circumstances here, we likewise affirm the district court's denial of this motion. It was not an abuse of discretion for the district court to rule on this motion without first conducting a hearing.

## IV.

For the foregoing reasons, we AFFIRM the district court's denial of Torres's § 2255 motion.