# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2020

Lyle W. Cayce
Clerk

No. 19-51057
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO CARDONA-BRISENO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-496-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Juan Antonio Cardona-Briseno appeals his conviction and within-guidelines sentence for entry into the United States after removal, in violation of 8 U.S.C. § 1326, arguing that (1) his "mass plea" with several other criminal defendants violated his Fifth Amendment right to due process,

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(2) his trial counsel rendered constitutionally ineffective assistance, and (3) his sentence violated his due process rights and the Eighth Amendment's prohibition against cruel and unusual punishment.

First, Cardona-Briseno argues that the rearraignment hearing violated his Fifth Amendment right to due process because the hearing was conducted with seven other criminal defendants who were charged in separate cases. Because Cardona-Briseno did not raise this claim in the district court, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 136 (2009). The plain error standard requires, in addition to showing that a forfeited error was clear or obvious, that the defendant show that the error affects his substantial rights. *Id.* at 135. If the defendant satisfies his burden of showing a plain error, this court "has the discretion to remedy the error" and should do so if the error had a serious effect on "the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, emphasis, and brackets omitted).

The record shows that Cardona-Briseno's guilty plea satisfied due process because it was "a voluntary, knowing, and intelligent act." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). The magistrate judge (MJ) conducted an extensive plea colloquy during which Cardona-Briseno expressed his desire to plead guilty and admitted to the acts alleged in the indictment and factual basis. Cardona-Briseno complains that he was not advised about the specific punishment he might receive, but the MJ complied with Rule 11 by advising him of "the maximum prison term and fine for the offense charged." *United States v. Hernandez*, 234 F.3d 255, 256 (5th Cir. 2000) (internal quotation marks and citation omitted). Moreover, he did not object to the group hearing and does not point to any specific violations of Rule 11 or demonstrate that he would not have pleaded guilty if not for alleged Rule 11 errors. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83

(2004); *United States v. Salazar-Olivares*, 179 F.3d 228, 229-30 (5th Cir. 1999).

Next, Cardona-Briseno did not present a claim of ineffective assistance of counsel in the district court, no evidence as to trial counsel's strategy or motives was presented, and the district court did not hold a hearing or make factual findings. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Garcia*, 567 F.3d 721, 729 (5th Cir. 2009). Accordingly, we decline to consider Cardona-Briseno's ineffective assistance of counsel claim without prejudice to his right to seek collateral review. *See Isgar*, 739 F.3d at 841.

Finally, Cardona-Briseno challenges the procedural and substantive reasonableness of his sentence and argues that the sentence violated his due process and Eighth Amendment rights. He argues that the district court failed to state reasons for its sentence. Because he did not raise this argument in the district court, review is for plain error. *See Puckett*, 556 U.S. at 136. We can infer from the record that the district court imposed a sentence at the top of the guidelines range based on Cardona-Briseno's lengthy criminal history, his repeated immigration offenses, and the need to deter him from criminal activity and to promote respect for the law. *See* 18 U.S.C. § 3553(a); *United States v. Whitelaw*, 580 F.3d 256, 263 (5th Cir. 2009). While its statement of reasons was brief, it was legally sufficient. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Next, Cardona-Briseno contends that his sentence was substantively unreasonable. He preserved this argument for review by arguing for a sentence at the low end of the guidelines range before the district court. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Cardona-Briseno has not rebutted the presumption that his within-guidelines sentence was substantively reasonable "by showing that the sentence does not account

for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Cardona-Briseno argues that the outbreak of the COVID-19 pandemic and its detrimental effect on prisoners' health and safety renders his sentence cruel and unusual under the Eighth Amendment. He did not have an opportunity to raise the issue in the district court, and we do "not review for plain error when the defendant did not have an opportunity to object in the trial court." *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc); *see also* FED. R. CRIM. P. 51(b). He suggests that a review on direct appeal of whether a sentence was cruel and unusual can include consideration of prison conditions, but he does not cite any precedent for this proposition.

The Eighth Amendment prohibits sentences that are grossly disproportionate to the offense, and Cardona-Briseno's 27-month, within-guidelines sentence is clearly not grossly disproportionate. *See Rummel v. Estelle*, 445 U.S. 263, 264-66, 284-85 (1980); *United States v. Gonzales*, 121 F.3d 928, 942-44 (5th Cir. 1997), *overruled on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010). Cardona-Briseno may raise his prison condition claims in a § 1983 action or may request compassionate release under the First Step Act, *see* First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).

Accordingly, the judgment of the district court is AFFIRMED.