# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 20-10467
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL ADAM DELAPENA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-22-2

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Michael Adam Delapena pleaded guilty, without the benefit of a plea agreement, to conspiracy to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). On appeal, he asserts for the first time that his plea was not knowing and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

voluntary, because, *inter alia*, he was confused by the magistrate judge's use of a group-plea hearing. Along that line, he also claims his counsel provided ineffective assistance.

Because Delapena did not raise in district court his challenge to his plea, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Delapena must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Delapena has not shown the requisite clear or obvious error. *See id.* The record shows his guilty plea was a "voluntary, knowing, and intelligent act". *See United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). The magistrate judge conducted an extensive plea colloquy during which Delapena expressed his desire to plead guilty, acknowledged he was not being forced to do so, and admitted to the acts alleged in the indictment and factual resume. Delapena did not object to the group-plea hearing and does not point to any specific violation of Federal Rule of Criminal Procedure 11 by the magistrate judge. *See United States v. Salazar-Olivares*, 179 F.3d 228, 229–30 (5th Cir. 1999). Moreover, he has not demonstrated that, "but for the [alleged] error, he would not have entered the plea". *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Regarding Delapena's claim that his plea was invalid due to ineffective assistance of counsel, such a claim ordinarily "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations". *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). (The requisite opportunity was not

provided by Delapena's 28 U.S.C. § 2255 motion, including his supporting affidavit, for which he was granted an out-of-time appeal.)  This is not one of those "rare cases" where the record allows our court to fairly evaluate the merits of the claim.  *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992) (citation omitted).  We therefore decline to consider Delapena's ineffective-assistance claim, without prejudice to his right to seek collateral review.

AFFIRMED.